NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Davis Michael Romero, | No. CV-14-01715-PHX-JJT |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

At issue is United States Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R") (Doc. 20) recommending that the Court deny and dismiss with prejudice Petitioner Davis Michael Romero's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 1). Petitioner timely filed Objections to the R&R (Doc. 21), and Respondents filed a Response to the Objections (Doc. 22). Also at issue is Petitioner's Motion to strike that response (Doc. 23).

Petitioner Objects to every finding and recommendation in the R&R, so the Court reviews the entire R&R *de novo*. 28 U.S.C. §636(b)(1). Upon that review, the Court concludes that each finding and recommendation in Judge Boyle's R&R is legally correct and justified on the record before us. The Court therefore will adopt in whole the R&R, and for the reasons set forth in it, it will deny and dismiss the Petition with prejudice.

As a starting point, Petitioner moves the Court to strike Respondents' Response to his Objections to the R&R on the ground that Respondents "are attempting to misapply Rule 72(b) of the Fed. R. Civ. Proc." (Doc. 23 at p. 1.) Although Petitioner does not

expressly state in his motion, the Court assumes he refers to that portion of Rule 72(b)(2) that provides in part:

> **Objections**. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. *A party may respond to another party's objections within 14 days after being served with a copy.*

Fed. R. Civ. Pr. 72(b)(2) (2009)(emphasis supplied). Petitioner argues Respondents have no right to respond to his objections to the R&R because Rule 72(b)(2) does not authorize such a response. Petitioner cites a 1983 Advisory Committee Note to Rule 72 providing that the rule does not apply to habeas corpus petitions under 28 U.S.C. §2254. Whether that is an accurate application of Rule 72 or not is beside the point. Judge Boyle's Order expressly provided that the parties would have 14 days from the date of service of the R&R to file objections to it. The Order also provided that *"[t]hereafter, the parties have 14 days within which to file a response to the objections."* (Doc. 20 at p. 22) (emphasis supplied). Regardless of the operation of Rule 72, Judge Boyle's Order provided Respondents the opportunity to file a response to Petitioner's Objections, which they filed timely. The Court will deny Petitioner's Motion to Strike the Response (Doc. 23.)

In the R&R, Judge Boyle thoroughly analyzed the issues involved in the instant Petition, and because this Court will adopt the recommendations set forth in the R&R, it will not restate those issues or their resolution here in detail. Petitioner spends all but the final page of his Objections arguing that Judge Boyle 1) incorrectly concluded that all but two of his grounds for relief were procedurally defaulted; and 2) failed to find that Petitioner had shown cause and prejudice necessary to overcome default on each of those grounds. It is true that Judge Boyle found procedural default on grounds One, Two, and parts of Three and Four. But Judge Boyle nonetheless went on to analyze in the alternative all of those grounds, as well as the non-defaulted grounds, on their merits—precisely what Petitioner seeks. In in his merits analysis, Judge Boyle correctly concluded that none of the claims had merit, and Petitioner devoted none of his

1 Objections to challenging those conclusions.  As Judge Boyle's analysis is uncontested, exhaustive and clearly rendered with supporting reasoning, the Court will not repeat that analysis but by incorporation. Petitioner's grounds for relief as raised in the Petition are all without merit.

For all of these reasons,

IT IS ORDERED adopting Magistrate Judge Boyle's R&R (Doc. 20) in its entirety and incorporating same into this Order.

IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and dismissing this matter with prejudice.

IT IS FURTHER ORDERED denying Petitioner's Motion to Strike Respondents' Response to Petitioner's Objections to the Report and Recommendation (Doc. 23).

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal in this matter because the dismissal of the instant Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 6th day of September, 2016.

Honorable John J. Tuchi
United States District Judge